175. Interneuron and Boehringer made misleading statements and failed to disclose information to Plaintiffs individually and by and through their physicians concerning Redux in its marketing, promotion, distribution, and sale.

176. Interneuron and Boehringer knew the facts concerning Redux were material to Plaintiffs and their physicians in assessing the safety of Redux. Defendants also knew that withholding this information would place Plaintiffs at further risk of injury.

177. Interneuron and Boehringer made these misrepresentations and failed to disclose material facts for the purpose of inducing Plaintiffs to purchase and ingest Redux.

178. Plaintiffs relied to their detriment on Interneuron's and Boehringer's representations that Redux was an effective and relatively risk free diet drug.

179. As a result of their reliance and as a direct and proximate cause of Interneuron's and Boehringer's willful or knowing unfair or deceptive acts or practices in violation of G.L. c. 93A, § 2, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

180. Interneuron's and Boehringer's violation of G.L. c. 93A, § 2 entitles Plaintiffs individually to an award of actual damages and reasonable attorney's fees and costs incurred in connection with said action.

181. Interneuron's and Boehringer's actions which resulted in their failure to provide accurate and sufficient information about the true risks of pulmonary hypertension, VHD and other injuries constitute unfair and deceptive acts and practices as defined in G.L. c. 93A.

182. Defendants knowingly and willfully engaged in these unfair and deceptive acts and practices in violation of G.L. c. 93A, § 2, entitling Plaintiffs to an award of up to treble but not less than double damages against Defendants Interneuron and Boehringer.

183. Defendants' unfair and deceptive acts and practices occurred primarily and substantially within Massachusetts because, among other things: Defendants' principal place of business is in Lexington, Massachusetts and at all relevant times Defendants and its officials were conducting business in Massachusetts when they engaged in unfair and deceptive acts and practices; and Defendants committed said unfair and deceptive acts in marketing, promoting, packaging, labeling, compounding, distributing, detailing, and/or selling Redux to the public, including Plaintiffs.

184. Plaintiffs have substantially complied and/or will comply with all requirements of G.L. c. 93A, § 9.

WHEREFORE, Plaintiffs demand judgment against Defendants Interneuron and Boehringer for damages, including actual damages, which Plaintiffs request to be trebled or doubled by the Court, as well as reasonable attorney's fees and costs incurred in connection with this action, and any other relief this Court deems proper.

PLAINTIFFS CLAIM A TRIAL BY JURY.

*[signature]*
Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

J. Christopher Ide
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314

DATED: March 5o, 2004

COMMONWEALTH OF MASSACHUSETTS

| EASTERN COUNTIES, SS. | SUPERIOR COURT |
| MIDDLESEX, SS. | 04-1353 E |

| IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION | Civil Action No. 00-9999-G |

Josephine Garcia,

    Plaintiffs

v.

Indevus Pharmaceuticals, Inc., F/K/A
Interneuron Pharmaceuticals, Inc.;
Wyeth, Inc., F/K/A American Home
Products Corporation;
Wyeth Pharmaceuticals, Inc F/K/A
Wyeth-Ayerst Pharmaceuticals,
Inc., A Division Of American Home Products
Corporation; and Boehringer Ingelheim
Pharmaceuticals, Inc.,

    Defendants



FILED IN THE OFFICE OF THE CLERK OF THE COURT FOR THE COUNTY OF MIDDLESEX

MAR 3 0 2004

CLERK

3/30/04 Motion Allowed

Attest: _____
Deputy Assistant Clerk

(_Houston_, J.)

## MOTION FOR APPOINTMENT
## OF SPECIAL PROCESS SERVER

Now come the plaintiffs in the above-captioned matter and move that this Court appoint Constables Philip D. Fixman, Michael B. Fixman and Daniel P. Kochakian of Michael B. Fixman & Associates (disinterested parties and over the age of eighteen), 72 Hancock Street,

P.O. Box 83, Everett, Massachusetts or a representative thereof, as Special Process Server, for the purpose of serving any and all process served in this case, including but not limited to the Complaint.

_____
Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

J. Christopher Ide
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314

DATED: March 30, 2004

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.  SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION | Civil Action No. 00-9999-G |
| Josephine Garcia, <br><br>    Plaintiffs<br><br>v.<br><br>Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,<br><br>    Defendants | C.A. No. 04-1383 <br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs hereby adopt and incorporate the entire original complaint, amended only as follows:

1. The title of Count I is amended to:

   BREACH OF WARRANTY
   DEFECTIVE DESIGN

2. The title of Count II is amended to:

   BREACH OF WARRANTY
   FAILURE TO WARN

3.  The following paragraph 185 is added:

    185.    Plaintiffs have pursuant to Massachusetts G.L. c. 93A sent to Interneuron and Boehringer a letter of demand for settlement.

                                */s/ Edward J. Barshak*
                                Edward J. Barshak, (BBO No. 032040)
                                Michael S. Appel (BBO No. 543898)
                                Sugarman, Rogers, Barshak & Cohen, P.C.
                                101 Merrimac Street, 9th Floor
                                Boston, MA 02114
                                (617) 227-3030

                                J. Christopher Ide
                                Miller & Associates
                                105 North Alfred Street
                                Alexandria, VA 22314

DATED: April 16, 2004

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.  
MIDDLESEX, SS.

SUPERIOR COURT

| | |
|---|---|
| IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION | Civil Action No. 00-9999-G |
| Josephine Garcia,<br><br>    Plaintiff<br><br>v.<br><br>Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc. and Boehringer Ingelheim Pharmaceuticals, Inc.,<br><br>    Defendants | C.A. No. 04-1383<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff hereby adopts and incorporates the entire original complaint, amended only as follows:



FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY
JUN 14 2004

1. The title of Count I is amended to:

    BREACH OF WARRANTY  
    DEFECTIVE DESIGN

2. The title of Count II is amended to:

    BREACH OF WARRANTY  
    FAILURE TO WARN

3. The following paragraph 185 is added:

    185.    Plaintiffs have pursuant to Massachusetts G.L. c. 93A sent to Interneuron and Boehringer a letter of demand for settlement.

Edward J. Barshak, (BBO No. [illegible])
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

J. Christopher Ide
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314

DATED: [illegible]



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

LAURA L. PHAIR
PARALEGAL
phair@srbc.com

June 10, 2004

Civil Clerk's Office
Middlesex Superior Court
40 Thorndike Street
E. Cambridge, MA 02141

FILED
OFFICE OF THE
CLERK OF COURTS
JUN 14 2004

    Re:    *Josephine Garcia v. Indevus Pharmaceuticals, Inc., et al.*
           Docket No. 04-1383

Dear Sir or Madam:

    Enclosed please find for filing in the above referenced matter plaintiff's Second Amended Complaint.

    Thank you for your attention to this matter.

                                              Very truly yours,

                                              Laura L. Phair
                                              Paralegal

Encl.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

COMMONWEALTH OF MASSACHUSETTS

| | | SUPERIOR COURT |
|---|---|---|
| MIDDLESEX, ss | | DEPARTMENT |
| [seal] | | OF THE |
| | | TRIAL COURT |
| | | CIVIL ACTION |
| | | No. 04-1383 |

JOSEPHINE GARCIA ................, Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC.,
f/k/a INTERNEURON ..........., Defendant(s)
PHARMACEUTICALS, INC., ET ALS.

## SUMMONS

To the above-named Defendant: Indevus Pharmaceuticals, Inc.,
f/k/a Interneuron Pharmaceuticals, Inc.

You are hereby summoned and required to serve upon Edward J. Barshak, Sugarman, Rogers, Barshak & Cohen, P.C. ............ plaintiff's attorney, whose address is 101 Merrimac Street, Boston, MA 02114 ........................... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ..................... Cambridge ........................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ......... Cambridge ...........................................

the ..... 2nd .................... day of ...... June ............................................................

.............., in the year of our Lord ............ 2004 ....................

[stamp: FILED IN THE SUPERIOR COURT MIDDLESEX JUN 2 3 2004 CLERK]

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# COMMONWEALTH OF MASSACHUSETTS

## PROOF OF SERVICE OF PROCESS

June 10, 2004

I hereby certify and return that on .......... 20...., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

also served second amended complaint, tracking order & civil action cover she
served in hand to Robert Farrugia, manager of Corporation Service Company and
agent authorized to accept service on behalf of Indevus Pharmaceuticals, Inc.
f/k/a Interneuron Pharmaceuticals, Inc.
Served at 84 State St., 5bh 5th, Boston, MA. Michael B. Fixman       Constable
                                                  Court Appointed Special Process Server

Dated: June 10, 2004

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

June 10, 2004

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.

Plff.

v.

Deft.

SUMMONS
(Mass. R. Civ. P. 4)